The defendant was convicted in the Criminal Court of Record of Hillsborough County, Florida, of unlawfully having in his possession certain tickets in a lottery commonly known as New York Bond, in violation of section 849.09, Florida Statutes 1941, F.S.A. On an appeal from the judgment and sentence the defendant has raised certain questions for adjudication, which we think may be fairly stated as follows: (1) Was the evidence sufficient to establish that the ticket found in the defendant's possession was a ticket in a lottery not yet played; (2) were certain articles of an evidentiary nature which were taken from the defendant at the time of his arrest procured by means of a lawful search and seizure?
In our view both questions must be decided against the contentions of the defendant.
According to the testimony of a deputy sheriff of Hillsborough County, who was the arresting officer, the defendant was known to him as a bolita peddler, the defendant having been arrested by the witness on previous occasions for selling bolita. The deputy sheriff had received information from reliable sources that around 7:00 o'clock in the morning of July 8, 1948 a bolita man would be on the corner of Armenia and Chestnut Streets in West Tampa "writing" bolita. The deputy sheriff drove to this locality with another deputy and arrived there at approximately the time his informant had told him that bolita would be sold. As these officers reached the corner of Armenia and Chestnut Streets the witness saw the defendant *Page 14 
take a slip of paper from his pocket and write numbers thereon, while at the same time another man standing at the corner with the defendant handed the defendant some money. The witness thereupon jumped from his car and advanced toward the defendant and his companion. As he did so, still another man standing close by said something to the defendant in Spanish, whereupon the defendant hurriedly shoved the slip of paper into his pocket and attempted to dispose of the money he had received from his companion in the same manner. By that time the deputy sheriff was at the defendant's side and took from the defendant the money he had received from his companion. The deputy sheriff also took from the pocket of the defendant the slip of paper upon which the defendant had been writing when the officers came to the scene. This paper had penciled on it the wording "044 —" and, about an inch to the right of this number, the number "4". According to the witness the defendant admitted at the scene that the numbering on the slip of paper represented a chance on "New York Bond", a form of bolita to be played that day, and that the money the defendant had received from his companion was bolita money.
Upon this evidence which the jury had the right to believe, although it was contradicted in certain particulars by the testimony of the defendant, the jury was warranted in finding the defendant guilty of the criminal offense charged in the information. See Italiano v. State, 141 Fla. 249, 193 So. 48.
Moreover, the deputy sheriff was justified, under this evidence, in arresting the defendant without warrant and in making the search and seizure he did as a lawful incident to the arrest. Section 901.15, Florida Statutes 1941, F.S.A., provides that "A peace officer may without warrant arrest a person * * * (3) When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it." Section 901.21, Florida Statutes 1941, F.S.A., provides that "When any sheriff, deputy sheriff, or other police officer in this state shall lawfully arrest any person, the officer making such arrest, or his assistant, may search the person so arrested, and if such search reveals the violation of any law, the officer shall hold such person upon a charge of violating the law, the violation of which has been so revealed, and anything found on such person or in his possession which tends to show the guilt of such person of the violation of law shall be admitted in evidence upon a trial in which such violation is charged, and such violation shall be deemed to be one committed in the presence of the officer. * * *"
The rule for determining whether in a given case a peace officer has reasonable ground to believe that a felony is being committed by a particular person in his presence is stated in Rogers v. State, 158 Fla. 790, 30 So.2d 625, 627, as follows: "We must determine the sufficiency of the knowledge of the sheriff and his deputies, not by an analysis of the effect of each known circumstance in isolation, but by a conclusion as to what a reasonable man, knowing all the facts which the sheriff knew, would have believed under all the circumstances * * *."
Applying this measuring stick to the circumstances of the case narrated by the deputy sheriff from the witness stand, it is impossible for us to escape the conclusion, viewing the entire record as it relates to the issue of the admissibility of the evidence obtainable as the result of the search and seizure, that the deputy sheriff had reasonable grounds for believing that which the evidence at the trial plainly proved — that the defendant was committing the felony of possessing a lottery ticket and the felony of selling a share in such lottery. The arrest of the defendant, therefore, was a lawful arrest and the evidence obtained as the result of the search incident to the arrest was properly admissible.
The judgment appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur. *Page 15