TERRELL, Justice.
Milton Shay was informed against, tried and convicted for. violating the narcotics law. Sections 398.21 and 398.22, Florida Statutes 1949, F.S.A. He was sentenced to pay a fine of $1500 or in default thereof to he confined in the State Penitentiary at hard labor for a period of eighteen months. We are confronted with an appeal from that judgment
Two questions are presented for deter-minátion. (1) Was the search of Shay’s automobile legal ? (2) Was • the evidence sufficient to sustain the verdict and judgment?
In answer to the first question' it is sufficient to say that Shay was arrested without a warrant for peddling in the presence of a police officer. He was conducted to the jail where he was searched. Evidence was found which made the officers suspicious'that he possessed flárcotics. Permission was requested and given to search his automobile'. ' Two other officers searched it on Sunday morning and found a number' of marijuana cigarettes.
Appellant contends that permission given the first police officer to search his automobile was not sufficient to authorize two other police officers to search it. In our view, permission given one police officer to search an autombile is sufficient for any. other police officer on the force to do so. The delay complained of in this case is not material. Appellant was arrested late Friday night. The- next day was November 11th, a holiday. , The officer who made the arrest was on night duty. The car was searched Sunday morning. The consent was not withdrawn and there is no suggestion that the automobile was tampered with or “loaded.” So far as the record discloses the consent was free ánd voluntary. We have examined Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 relied on by appellant, but we do not think it concludes the case.
. As to sufficiency of the< evidence to support the verdict, appellant says that ownership of the automobile and possession of the • cigarettes was. not conclusively shown. Appellant admitted ownership of the shaving kit in which some of the cigarettes were found. There were other admissions about the cigarettes that supported the verdict. Appellant also contended that he was not permitted use of' the phone to interview a lawyer from Friday to Tuesday, but the arresting officers flatly contradict this and the jury believed their story. No constitutional rights are shown to have been invaded.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS,' JJ., concur.