THOMAS, Justice.
The appellant has brought here for review a judgment forfeiting several cases of gins and whiskies of standard brands and a Ford truck, in which they were being transported, directing that the property be sold, and that the proceeds be paid into the fine and forfeiture fund of the county. The judgment was based on a return of the Board of County Commissioners and testimony of a supervisor of the beverage department, the sole witness, who was introduced by the appellants.
We learn from this testimony that Eddy Nathaniel James was driving the truck on a highway when the supervisor stopped him, arrested him and without a warrant seized the property. The supervisor related a conversation between himself and James during which James said he didn’t know who owned the truck and didn’t know the name of the man who had employed him to drive it “up the state.” The supervisor said he could see the liquor in the truck after it was stopped and when he asked James if he could search the vehicle, James said, “ ‘you; can see it, go on.’ ” The supervisor had information, some of it as early as two and a half weeks beforehand, some of it as late as the day of the arrest, that the truck was coming and he was watching for it.
The liquors and car were not contraband in themselves and the reason for seizure, as we take it from the return of the board of county commissioners, was that James transported “liquors in quantities of more than twelve bottles.” It is unlawful to transport beverages in quantities of more than twelve bottles but not in all cases. The law excepts (1) common carriers, (2) certain licensees, and (3) individuals who do not possess the liquors for resale in the State. Sec. 562.07, Florida Statutes 1953, and F.S.A.
The return carried the statement that “the said truck did not have the carrier permit as required by the Beverage Laws of the State of Florida” which corresponded with the negative replies of the supervisor to the questions: “Did they have a permit on the *889 truck to have whiskey?” and “Was the truck a common carrier truck?”
Assuming that this meager testimony disposes of the first two exceptions, we still have no evidence that disposes of the third. If we held in appellee’s favor on this point, we would have to presume from the amount of the liquors that there was an intent to resell them. Taking such liberty with the evidence would dignify a suspicion.
The judge’s order of forfeiture gives us no information except that he had studied the “Beverage Laws * * *, including amendments thereto included in Chapter 28073, Acts of 1953.”
The return of the board is anchored to Chapter 562, Florida Statutes 1951, and F.S.A., as amended by Chapter 28073, supra, and particularly to Section 4, paragraphs (2, 3 and 4), F.S.A. § 562.39(2-4), but when we turn to the act we find that seizure and forfeiture are provided for vehicles carrying illicit liquor, distilling apparatuses, mash, wort, wash or fermented liquids capable of being distilled into beverages of a certain alcoholic content or into “moonshine”. There is no suggestion that the freight fell in any of these categories or that the payment of any tax had been -evaded.
Every peace officer seizing property used in violation of the beverage law, Chapter 562, Florida Statutes 1953, and F.S.A., is required to deliver it to the board of county commissioners and the board is obligated to make a return to the clerk of the circuit court and to hold the seized property to abide disposal by the court. Evidently that procedure was faithfully followed in this case but we are not advised what right the supervisor had to seize the property, regardless of the right to search the vehicle, what law was being violated, or what authority existed for the forfeiture. City of Miami v. Miller, 148 Fla. 349, 4 So.2d 369.
The attorney general concedes that there was no basis for the forfeiture and we quite agree. By agreeing, we dispose of appellants’ second and third questions. There is no need to discuss or decide the first question, dealing with the validity of the search, because the attempted seizure and forfeiture were void regardless of the nature of the search.
The judgment is reversed with directions to discharge the proceedings and return the truck and load to the rightful owner.
Reversed,
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.