80 So.2d 699 (1955)
Eddie Nathaniel JAMES, Petitioner,
v.
STATE of Florida, Respondent.
Supreme Court of Florida. Division A.
May 20, 1955.
Rehearing Denied June 20, 1955.
J.C. Adkins, Jr., Gainesville, for petitioner.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for respondent.
TERRELL, Justice.
Petitioner was tried and convicted in the County Court of Sumter County on an information charging him with illegally transporting alcoholic beverages in quantities of more than 12 bottles. A motion by petitioner to suppress the evidence on which the cause was grounded was overruled. Arraignment was waived and a plea of "not guilty" was proffered. The cause was tried before the court without a jury and defendant was found guilty. Motion for new trial was denied and petitioner was sentenced to pay a fine of $500 or in lieu thereof to serve six months in jail. On appeal to the Circuit Court, the judgment of the County Court was affirmed. We are confronted with an appeal by certiorari from that order. On account of the similarity of the factual circumstances out of which this case arose to that of the recent case of Byrd v. State, Fla., 80 So.2d 694, we consider the question raised for the purpose of illustrating the material distinction between the Byrd case and Longo v. State, 157 Fla. 668, 26 So.2d 818.
This is a companion case to Townsend v. State, Fla., 80 So.2d 701, involving an information charging conspiracy to violate the liquor laws wherein James, one of the conspirators, was tried before a jury and convicted. This case is also a companion case to Townsend v. State, Fla., 76 So.2d 888, wherein this court reversing the Circuit Court concluded that the evidence of mere transportation of alcoholic beverage in quantities of more than 12 bottles was insufficient to show a violation of Section 562.07, F.S. 1953, F.S.A., in the absence of a showing that such alcoholic beverages were for purposes of resale. The 43 cases of gin and whiskey, which was the subject of the forfeiture proceedings, were the same cargo taken from the petitioner on August 25, 1953, as hereinafter detailed.
R.D. Ramsay, Supervisor for the State Beverage Department, testified that he received information around noon on August 25, 1953, that a certain vehicle would come through with "red whiskey." Ramsay thereupon took up a position south of Bushnell to intercept this vehicle. At 2:30 a dry cleaners' panel truck driven by petitioner came by and Ramsay trailed it a little way outside the city limits before stopping it. Other than the "tip" received by Ramsay, there was absence of probable *700 cause for stopping the truck. Ramsay testified as follows:
"Q. Mr. Ramsay, did you have information that this truck would be coming through here? A. Yes, sir, I did.
"Q. About what time did you get that information? A. It was approximately 12:00 noon that day.
"Q. Now, Mr. Ramsay, about what was that information that you got? Was it pertaining to the truck? A. It was pertaining to the truck, giving a description with the tag number. (T.R. 7)
"Q. And you considered that reliable information? A. I did, sir. Yes, sir." (T.R.8)
On cross:
"Q. Mr. Ramsay, what was the information you got? (T.R.11) A. As to the description of the vehicle. What it would have in it  red whiskey  not the amount; where it was going to.
"Q. Mr. Ramsay, did this truck violate any of the traffic regulations of the State? A. I'm just a supervisor of the State Beverage Department.
* * * * * *
"Q. Then he violated none in your presence? A. Not that I know of." (T.R.12)
Other evidence in this case has to do with whether or not the truck driver had a carrier permit, lifting strip numbers from the side of the cartons, where the truck was stopped, its contents and the arresting officer's conversation about certain matters with the truck driver not essential to detail. It shows nothing except that the arresting officer had a "tip". As to petitioner, his whereabouts and his business, it was silent.
The record and the testimony clearly indicate that the search of the truck was consented to by the petitioner. The petitioner did not take the stand and evidence of the beverage supervisor was all that was before the court.
In Longo v. State, supra, this court, at page 819 of 26 So.2d, stated:
"It appears to us that if the appellant ever had the right to protest that the evidence used to convict him was obtained by an unlawful search and seizure that right was waived when, as testified to by the arresting officers and apparently believed by the trial judge, he freely gave his consent to a search of the car which he was operating and voluntarily turned over his keys to the arresting officer for that purpose. See Carlton v. State, 111 Fla. 777, 149 So. 767; Gant v. State, 114 Fla. 23, 152 So. 710; Powell v. State, 131 Fla. 254, 175 So. 213; Tomlinson v. State, 129 Fla. 658, 176 So. 543."
From this it follows that a search by consent under the circumstances is not an "unreasonable search."
In the Longo case the testimony showed that the arresting officers were not armed with the proper warrants but they knew the driver as an employee of a liquor store, known to them as being involved in bolita operations. Two weeks earlier said officers had given chase to another employee of said store under similar circumstances. The Longo case was accordingly in point with Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, on the element of justification for the search and seizure, and thus furnished a legally sufficient reason for stopping the truck.
Under the doctrine announced in the recent case of Byrd v. State, supra, the petitioner was "unlawfully stopped." See also Kersey v. State, Fla., 58 So.2d 155; Collins v. State, Fla., 65 So.2d 61; Carroll v. United States, 267 U.S. 132, 153-154, 45 S.Ct. 280, and Section 933.19, F.S.A. In Byrd v. State, supra, the search, preceding the arrest, was resisted by the driver who proclaimed there "wasn't nobody going in *701 there without a search warrant". The Byrd case thus presents a different factual situation, there being no waiver as in the instant case and in Longo v. State.
Certiorari is denied.
DREW, C.J., and SEBRING and ROBERTS, JJ., concur.