90 So.2d 453 (1956)
Jack SLATER, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division A.
November 7, 1956.
Rehearing Denied November 26, 1956.
James D. Welch, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
Appellant was convicted of unlawfully engaging in lottery operations, on the basis of lottery materials which were found in his possession. He contends that the search whereby the evidence against him was obtained was unreasonable and that the evidence should have been suppressed, timely motion therefor having been made.
Appellant was apprehended by a deputy sheriff of Broward County, purportedly for a traffic violation, after which his automobile was searched by the deputy sheriff and another officer who was called in to give assistance. If the arrest was lawful, a point which we need not decide, the State concedes that the search was not incidental to it. See Courington v. State, Fla., 74 So.2d 652. There was also no probable cause to search for lottery materials, Collins v. State, Fla., 65 So.2d 61.
The only issue remaining, and the controlling issue in this case, is whether or not the appellant waived the constitutional right here involved by consenting to the search which was made. If he did, *454 the case must be affirmed on authority of Longo v. State, 157 Fla. 668, 26 So.2d 818; James v. State, Fla., 80 So.2d 699; and Townsend v. State, Fla., 80 So.2d 701.
The evidence upon this issue is in sharp conflict. Since the trial judge was authorized to discredit the testimony of the appellant in its entirety, it will not be considered here. The two officers who conducted the search were consistent in their testimony, the substance of which was that appellant posed no objection to the search whatever, stated that he did not mind if the officers looked in the car, and personally took the keys from the ignition of the car and unlocked the trunk, in which was found the evidence sought to be suppressed. Appellant then sought to disassociate himself from ownership of this material.
The case is to be distinguished from Dunnavant v. State, Fla., 46 So.2d 871, in which we held that consent had not been established where the officers pretended to be acting under a warrant which authorized the search, although the warrant did not cover the whole premises actually searched. There was thus an element of misrepresentation in the case whereby the defendant's consent was in effect fraudulently induced. This element is lacking from the instant case.
In Sagonias v. State, Fla., 89 So.2d 252, opinion filed March 14, 1956, the evidence of consent was equivocal, vague and inconsistent. Although in that case the defendant voluntarily unlocked the trunk of the car, this was only to demonstrate that it was empty, as in fact it was. In the instant case, the trunk which the appellant unlocked contained the unlawful materials.
Although the case here presented is an extremely close one, and by no means free from difficulty, we think it is sufficiently similar to James v. State, supra, 80 So.2d 699, to be controlled thereby. The full facts relied upon in the James case for waiver are not stated in the opinion, but see Sagonias v. State, supra, 89 So.2d 252, in which the James case is discussed.
It follows that the judgment appealed from must be, and it is hereby, affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.