KANNER, Chief Judge.
The appellant, convicted for violation of the lottery laws of the State of Florida, contends in this appeal that the evidence leading to the conviction, having been seized in her home without a search warrant, was obtained without her consent and was not incident to a lawful arrest.
After appellant’s arrest a timely motion was made to suppress the evidence as having been illegally obtained. This motion was denied at a preliminary hearing, and at the trial appellant made timely objections to the admission of the evidence seized. These were overruled.
The state grants that the search and seizure made was without a search warrant; nevertheless, the state insists that the bolita paraphernalia and other evidence of bolita operations seized was lawful because this evidence was obtained through a search to which appellant consented.
*789 The testimony of two police officers who conducted the search, as exemplified through the account given at the trial by Lieutenant Jack Stacey of the Orlando Police Department, an officer of twenty-one years’ experience, sustains the state’s position that consent to the search was voluntarily given. The following excerpts from his testimony appear on page 87, transcript of record:
“I told her that we had had complaints that she was engaged in the lottery business over there in that house and that we had had several complaints, and we come over and we wanted to talk to her about it and she asked us — we asked her if she was engaged in it and she said definitely not, that she didn’t fool with it at all, and I asked her, being as we had those complaints, would she let us look around a little. She said, ‘Sure.’ She said, ‘Go ahead and look around all you want to. Search all you want to.’ I said, ‘Well, let’s get the question a little straight.’ I said, ‘Will you give us permission to search your house for the lottery?’ And she says, ‘Yes. You can go ahead and search all you want to,’ and when she told us that, Sgt. Jackson was in the room with us and he left the room. There was two colored men sitting in the living room when we came in and the only other person, to my knowledge, that was in the room in the house, was this elderly woman who I understood to be Eddie Bell’s mother, but then I began to look around.”
In the case of Longo v. State, 1946, 157 Fla. 668, 26 So.2d 818, the Supreme Court laid down the principle that not every search without a warrant is unlawful, but only the search that is unreasonable, stating on page 820 of 26 So.2d:
“What is a reasonable or valid search must be determined by the court upon due consideration of the circumstances and manner under which the search is made.”
See also the case of James v. State, Fla.1955, 80 So.2d 699.
In the case of Slater v. State, Fla.1956, 90 So.2d 453, the defendant was purportedly apprehended for a traffic violation, after which his automobile was searched by a deputy sheriff and another officer. The question was whether or not the search itself was made with the consent of the defendant. The statement of the Supreme Court is clear and concise on that issue, quoting from page 454:
“The evidence upon this issue is in sharp conflict. Since the trial judge was authorized to discredit the testimony of the appellant in its entirety, it will not be considered here. The two officers who conducted the search were consistent in their testimony, the substance of which was that appellant posed no objection to the search whatever, stated that he did not mind if the officers looked in the car, and personally took the keys from the ignition of the car and unlocked the trunk, in which was found the evidence sought to be suppressed. Appellant then sought to disassociate himself from ownership of this material.”
Assuredly, in the present case the two officers who instituted and carried on the search were consistent in their testimony, the substance of which was that the appellant gave them her unequivocal oral permission to “Search all you want to.” A careful study of the record demonstrates that no error was committed.
Affirmed.
ALLEN and SHANNON, JJ., concur.