PER CURIAM.
The petition for writ of certiorari herein reflected apparent jurisdiction in this court, hence we issued the writ and have now heard the argument of the respective parties.
The facts as limned by the Second District Court of Appeal’s opinion[1] show that the petitioner voluntarily consented in writing to the search of his automobile. Thus it becomes unnecessary, if not impossible, for us to consider and decide whether the search was made pursuant to a lawful arrest. Finally the opinion of the District Court of Appeal does not on its face disclose the circumstances attendant upon the search of the person of the petitioner Rinehart or that the results of such a search became a part of the evidence against him.
Upon our further consideration of this matter, we have determined that the decision of the District Court is not in direct conflict with a decision of another District Court of Appeal or of the Supreme Court on the same point of law.[2] Therefore the writ must be and is hereby discharged and the petition for writ of certiorari is hereby dismissed.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, DREW, THORNAL and O’CON-NELL, JJ., concur.
ROBERTS, J., heard the argument but did not participate in the decision.

. Rinehart v. State, Fla.App.1959, 114 So.2d 487.

. See Shay v. State, Fla.1954, 70 So.2d 363.