149 So.2d 561 (1963)
Virginia GIBLIN, Petitioner,
v.
The CITY OF CORAL GABLES, Florida, a Municipal Corporation, Respondent.
No. 31704.
Supreme Court of Florida.
January 2, 1963.
Rehearing Denied February 21, 1963.
Nichols, Gaither, Beckham, Colson & Spence and Sam Daniels, Miami, for petitioner.
Edward L. Semple, Coral Gables, and William M. Burton, Jr., Fort Lauderdale, for respondent.
PER CURIAM.
This cause has been certified to us by the District Court of Appeal, Third District, as one which passes upon a question of great public interest.[1] Such certification extends our scope of review of this controversy to a determination of whether the opinion and judgment of the district court is correct.[2]
The opinion and dissenting opinion in the district court[3] set forth the salient facts out of which this controversy arose. Under *562 our expanded scope of review on certified causes, however, we have carefully considered the disclosures of the record with respect to the facts and our conclusions hereafter stated are predicated upon not only the acceptance of those facts stated in the district court's opinion which we find in all material particulars correct but also on independent examination of the testimony of the parties appearing in the record here.
The essential facts relating to the apprehension of petitioner in Coral Gables require a finding that she was legally arrested within the corporate limits of the City of Coral Gables and retaken upon escape and immediate pursuit under authority of Section 901.22. We cannot agree with Judge Pearson's views expressed in his dissent that the question of whether an arrest was lawfully made was a question to be decided by the jury. It is true, of course, that some of the testimony is in controversy. Uncontroverted material evidence, however, establishes that, as a matter of law, the arrest in Coral Gables was legal. The alleged conflict, as to whether the arresting officer's parting admonition was directed to petitioner or her husband as they left the original scene, is patently insufficient to raise a jury issue as to whether an arrest was effected at this time in view of the conceded circumstances surrounding their apprehension and detention at the outset. The requirement of communication of the "intention or purpose * * * to effect an arrest"[4] is never construed, so far as we can determine, in a strict or literal sense in a situation such as that at bar.[5] In the most technical treatment of the subject the authorities note that "there is no required form of words to announce the purpose to arrest," and upon the theory that "the law does not require the doing of useless things" it is held that when detention by an officer follows immediately on commission of an overt act of criminality or illegality, the offender must be aware, without formality, of his purpose to arrest.[6] The sufficiency of constructive rather than manual apprehension is, of course, well established.
In the circumstances of this case there can be no doubt that when the police officer compelled petitioner to stop the vehicle she was driving and undertook to keep her in his custody at least pending his decision on their dispute, there was effected "an apprehension of such person sufficient to be considered an arrest."[7] The arrest was, then, as a matter of law effected independent of the officer's admonitions upon petitioner's departure with her husband. The record presents no other issue of fact requiring jury determination, and the action for false imprisonment necessarily fails.
The judgment of the district court reversing and remanding the cause for entry of a judgment for the respondent City upon its motion for directed verdict was, for the above reasons, proper and the writ should be discharged.
It is so ordered.
ROBERTS, C.J., and DREW, O'CONNELL and CALDWELL, JJ., concur.
THOMAS and THORNAL, JJ., concur specially.
TERRELL, J., dissents.
*563 THORNAL, Justice (concurring).
I concur in the opinion and judgment. I would prefer resting the judgment on the theory announced by the Majority of the District Court of Appeal. However, I find no reason to differ with the disposition of the case announced by the Majority of this Court.
THOMAS, J., concurs.
NOTES
[1] Article V, Section 4(2), Florida Constitution, F.S.A.
[2] Carraway v. Revell, Fla. 1959, 116 So.2d 16.
[3] 127 So.2d 914.
[4] Melton v. State, Fla. 1954, 75 So.2d 291.
[5] See Henry v. United States, 1959, 361 U.S. 98, 103, 80 S.Ct. 168, 171, 4 L.Ed.2d 134:

"The prosecution conceded below, and adheres to the concession here, that the arrest took place when the federal agents stopped the car. That is our view on the facts of this particular case. When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete. * * *"
[6] Alexander, The Law of Arrest, Vol. I, Sec. 93.
[7] Dahl, Procedure and the Law of Arrest, Search and Seizure, citing cases collected in 28 Va.L.Rev. 315, 319, note 14.