156 So.2d 534 (1963)
Walter RANGE, Appellant,
v.
STATE of Florida, Appellee.
No. 3714.
District Court of Appeal of Florida. Second District.
October 2, 1963.
*535 Everett Q. Jones, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
KANNER, Acting Chief Judge.
Walter Range, defendant-appellant, was found guilty under three counts of an information charging violation of the lottery laws of the appellee, State of Florida. This appeal is from the judgment of conviction and sentence entered by the court below.
The single point raised for consideration here is whether the trial court properly denied appellant's motion to suppress certain evidence, the contention being that there was no lawful arrest prior to the search of appellant's automobile disclosing contraband. No question is raised as to sufficiency of the evidence, and there is no claim that appellant did not at the time have in his possession lottery paraphernalia.
The only witnesses to testify at the trial with respect to events connected with the arrest and search and seizure without the authority of a warrant were two police detectives of the City of Tampa. Appellant did not testify. The officers, because of statements made by a confidential informer that appellant would be "making his rounds" in a certain area and that he would be transporting bolita, had placed appellant under surveillance approximately a week prior to the arrest. On the day in question, the officers, who were following appellant in an unmarked police cruiser, observed him make stops at three houses. Subsequently, turning his head to the rear in the direction of the surveillants, appellant, without any sign or request by the officers, drew his automobile to the curb and voluntarily brought it to a halt. After appellant had stopped, the officers' car was pulled alongside it, then somewhat to the front. Both of the police detectives saw appellant try unsuccessfully to open the glove compartment, then place a piece of paper on the front seat. The officers got out of their car, saw the piece of paper rolled up on the seat beside appellant; and one of them easily observed numbers on the visible portion of the partially rolled strip of paper. Because the officer could see and recognized that this was bolita material, he placed appellant under arrest. After appellant had been placed under arrest, he was asked if he objected to search of his person and his automobile; he replied "No, go ahead," stating also, "Those papers in the front seat are the only thing I have. I don't have anything else. But you're welcome to *536 search." The testimony is clear that the officers did nothing to cause appellant to stop his vehicle or to impede his continuing forward in his car without stopping. Appellant was said to have commented as to the piece of paper with numbers on it, "I never carry them with me, and I am mad at myself for being caught with it."
Since lawfulness of the arrest is the salient consideration, we first advert to the legal meaning of an "arrest". This act has been defined as the apprehension or taking into custody of an alleged offender in order that he may be brought into the proper court to answer for a crime. The elements of an "arrest" comprehend a purpose or intention to effect an arrest under a real or pretended authority, the actual or constructive seizure or detention of the person to be arrested by the one having the present power to control him, communication by the arresting officer to the one whose arrest is sought of his intention or purpose then and there to make the arrest, and an understanding by the person who is to be arrested that it is the intention of the arresting officer then and there to arrest and detain him. Melton v. State, Fla. 1954, 75 So.2d 291. A peace officer is empowered to arrest a person without a warrant only in exceptional instances, 1. when the person to be arrested has committed a felony in his presence, 2. when a felony has in fact been committed and the officer has reasonable ground to believe that the person to be arrested has committed it, or 3. when the officer has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it. Section 901.15, Florida Statutes.
In determining whether there existed reasonable ground to believe that a felony was being committed and reasonable ground to believe that the person to be arrested was committing it so as to authorize arrest without a warrant, sufficiency of knowledge by the arresting officer must be determined. This should be done, not by analyzing the effect of each known circumstance in isolation, but by a conclusion of what a reasonable man, knowing all the facts within the cognizance of the officer, would have believed under all the circumstances. These are not technical but are factual and practical considerations of everyday life upon which reasonable and prudent men act, not legal technicians. Rogers v. State, 1947, 158 Fla. 582, 30 So.2d 625; Bozeman v. State, Fla.App. 1958, 102 So.2d 648; Brinegar v. United States, 1948, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.
When a lawful arrest is being made without a warrant, a reasonable search and seizure properly incident to the arrest may be executed. If the search reveals any violation of the law, the evidence thus found may be seized and used against the one in whose possession it is found. Section 901.21, Florida Statutes; Bozeman v. State, supra; 29 Fla.Jur., Search and Seizure, section 13, page 172. Not every search effectuated without a warrant is unlawful but only the search which is unreasonable. In determining whether or not a reasonable and valid search was made, a court will consider the circumstances surrounding the search and the manner in which it was carried out. Longo v. State, 1946, 157 Fla. 668, 26 So.2d 818; Starks v. State, Fla.App. 1959, 108 So.2d 788.
As to search of and seizure from a dwelling or other structure, there is a recognized difference between this and search of and seizure from an automobile. The contemporary trend of authority is to narrow the concept of immunity against searches and seizures where there is involved a motor vehicle utilized by one as an aid in committing a crime, whether in transporting the criminal or the fruit of the crime. This is so because of the high degree of mobility of motor vehicles, so that efforts to apprehend persons transporting contraband in them would be thwarted if no search of such vehicles could be made under any circumstances except by authority of warrants. Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 *537 L.Ed. 543, 39 A.L.R. 790, adopted in Florida Statutes, section 933.19; Collins v. State, Fla. 1953, 65 So.2d 61; Cameron v. State, Fla.App. 1959, 112 So.2d 864; 29 Fla.Jur., Search and Seizure, section 12, pages 169-170.
From the recited facts, the procedure employed by the officer in arresting appellant and in conducting the subsequent search and seizure incident to it were in conformity to the rules which we have delineated. Although appellant complains that his right to free passage without interruption or search was impeded by the officers with no probable cause, the testimony shows, to the contrary, that the police officers did nothing to cause appellant to stop his vehicle but that he did so voluntarily. With respect to validity of the search, the piece of paper which was seized was visually recognized by the arresting officer from outside appellant's car prior to his arrest of appellant; its disclosure was not through search but through the position in which it lay upon the front seat of appellant's vehicle. See Fletcher v. State, Fla. 1953, 65 So.2d 845; Diaz v. State, Fla. 1949, 43 So.2d 13; Rogers v. State, 1947, 158 Fla. 582, 30 So.2d 625. The arresting officer, who was and for two years had been a member of the vice squad, gambling division of the Tampa police force, doing ninety per cent of his work handling lottery cases, was experienced in and conversant with the type of paraphernalia observed and later seized. Aside from this, however, the constitutional prerogative to security of one's person and effects against unreasonable search and seizure may be waived, and one waiving this right through consent to a search by an officer without a warrant cannot later complain that a search and seizure violated his constitutional rights. 29 Fla.Jur., Search and Seizure, section 38, page 200; see also Escobio v. State, Fla. 1953, 64 So.2d 766; Shay v. State, Fla. 1954, 70 So.2d 363; James v. State, Fla. 1955, 80 So.2d 699.
We reiterate that sufficiency of the evidence to sustain the verdict is not questioned. No testimony was given on the issue under consideration except that of the two police officers; this, therefore, stands unrefuted. Both officers testified to events which support the legality of appellant's detention and arrest, including the voluntary and unbidden stopping by appellant of his automobile, the officers' perception from outside the car of the piece of paper, the seeing of the numbers on the paper by the arresting officer and his recognition of their nature prior to the arrest, and finally, appellant's consent to search of his person and automobile. It follows that we find no reversible error.
Affirmed.
ALLEN and WHITE, JJ., concur.