TILLMAN PEARSON, Judge,
(dissenting).
It is my view that the search was not illegal, and therefore, the fruits thereof were admissible in this case because the search was reasonable under the circumstances. It is important to note that we are not dealing here with the search of a home or even a place of business but with the examination of a package carried by the defendant under suspicious circumstances.
The majority opinion is placed squarely on the holding in Kraemer v. State, Fla. 1952, 60 So.2d 615, which held inadmissible the fruits of a search of an automobile made before arrest and on a mere suspicion without probable cause. I would distinguish the Kraemer case upon the fact that the car was.stopped without probable cause. In the instant case, as the facts recited in *166 the majority opinion show, the police officer apprehended the defendant when he was fleeing with a package under conditions which I suggest would cause a reasonable person to believe that a felony had been committed. Judge Kanner of the District Court of Appeal, Second District, has set out the requirements of reasonable search in McCain v. State, Fla.App. 1963, 151 So.2d 841:
“Not every search made without a warrant is unlawful but only the search that is unreasonable. What constitutes reasonable and valid search is to be determined by the court through due consideration of the circumstances and manner' in which the search is made. Longo v. State, 1946, 157 Fla. 668, 26 So.2d 818; Starks v. State, Fla.App. 1959, 108 So.2d 788. In dealing with ‘probable cause’ for search and seizure without a warrant, a court deals with probabilities which are not technical but which are factual and practical considerations of every day life upon which reasonable and prudent men act and not legal technicians. The essence of ‘probable cause’ is a reasonable ground for belief of guilt; and the court in determining whether there was probable cause to make a search without a warrant must first determine sufficiency of knowledge by the searching officer by comparison to what a reasonable man, knowing all the facts which the searching officer knew, would have believed under all of the circumstances. Gispert v. State, Fla.App.1960, 118 So.2d 596, cert. denied, Fla.1960, 122 So.2d 782.”
The strong support for the majority opinion is the testimony of the arresting officer that he placed the defendant under arrest only after he discovered what was in the package. Perhaps this is enough and we ought to throw up our hands and quit at this point. But it keeps coming to my mind that we are dealing with good police work— catching this suspect with the goods on him, and it ought not to be nullified unless it is clear that some constitutional wrong has been done.
The Supreme Court of Florida dealt with similar testimony (and reached the same conclusion that the majority reaches here) in Melton v. State, Fla.1954, 75 So.2d 291. However, in so holding they qualified the rule in what may be a very important way. The statement is as follows:
“On this narrow issue the arresting officer, who was the only witness for the state, testified unequivocally that he did not make the arrest until after the search had been made and the moonshine whiskey had been seized under the invalid search warrant. There are no facts and circumstances in the case to negative this testimony.” [Emphasis supplied]
The facts and circumstances of the instant case are that the arresting officer had stopped the defendant and placed him under restraint upon suspicion because of the defendant’s conduct before the officer opened the package.
I believe that the legality of the search should be upheld upon the basis that the facts and circumstances in this case negative the conclusion of the arresting officer that the search was prior to a valid arrest. An arrest is not a formal action to be judged only by the words expressed. This was pointed out by the Supreme Court of Florida in determining the time of an arrest in Giblin v. City of Coral Gables, Fla.1963, 149 So.2d 561:
“In the circumstances of this case there can be no doubt that when the police officer compelled petitioner to stop the vehicle she was driving and undertook to keep her in his custody at least pending his decision on their dispute, there was effected ‘an apprehension of such person sufficient to be considered an arrest.’ The arrest was, *167 then, as a matter of law effected independent of the officer’s admonitions upon petitioner’s departure with her husband.”
I would therefore hold that the search in this instance was not unreasonable because it was an incident to a lawful arrest.