192 So.2d 6 (1966)
Dominick Angel BRETTI, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-915.
District Court of Appeal of Florida. Third District.
November 15, 1966.
Rehearing Denied December 5, 1966.
Hoffman & St. Jean, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
The appellant Dominick Angel Bretti was one of three men informed against, tried and convicted of the crime of armed robbery. Appellant was sentenced to be confined in the state penitentiary for a period of fifteen years. On consideration of the record and briefs on this appeal taken by him we find that no reversible error has been demonstrated, and we affirm.
The arrest without a warrant was based on probable cause. The motion to suppress evidence obtained by the officers in searches following arrest was properly denied. The searches were made with consent. *7 Longo v. State, 157 Fla. 668, 26 So.2d 818. It was not made to appear that appellant's consent to search was coerced. See Shay v. State, Fla. 1954, 70 So.2d 363. Appellant contended the consent which he gave to search his car and apartment for the stolen jewels and furs did not operate as a consent to search otherwise, and that the court should have suppressed the evidentiary item represented by another person's driver's license found there. We can not agree. The license was discovered to have been stolen, and to have been used by appellant to rent the automobile employed in the robbery. When found in appellant's apartment, the license was lying in plain view. The appellant disclaimed it, and professed to know nothing about it. Under those circumstances, and because of the contraband nature of the item, its seizure was authorized. Its evidentiary use, as a link in a chain of events connecting appellant with the robbery was only cumulative to other sufficient evidence thereof. The comment by the prosecutor in argument on the failure of defendants to furnish reasonable explanation of possession of recently stolen property when discovered, did not amount to a comment by the prosecutor on failure of defendants to testify in their own behalf at the time of trial. Romanello v. State, Fla.App. 1964, 160 So.2d 529; Miley v. State, Fla.App. 1966, 186 So.2d 299. A newspaper article published during the trial, claimed by appellant to have been prejudicial, was not a basis for mistrial. It was established by the trial judge upon inquiry of the jurors that they had not read the article, and they were admonished not to do so. Moreover, a mistrial motion was not made. No abuse of discretion was shown in the refusal of the trial judge to grant appellant a severance. Manson v. State, Fla. 1956, 88 So.2d 272; Jackman v. State, Fla.App. 1962, 140 So.2d 627.
Affirmed.