202 So.2d 825 (1967)
Perry Lee CHANCE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 7304-7306.
District Court of Appeal of Florida, Second District.
July 14, 1967.
Rehearing Denied October 19, 1967.
Edmund S. Whitson, Jr., of Baker & Whitson, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
SHANNON, Acting Chief Judge.
Perry Lee Chance appeals from three convictions for robbery. He was charged with the robbery of a service station and of a market on July 31, 1965, and of a liquor store on August 6, 1965. He filed motions to suppress in all three cases on the ground that his arrest was illegal because it was made without probable cause or reasonable ground on the part of the arresting officer to believe that appellant had committed a felony and because it did not otherwise meet the requirements of Fla. Stat., Sec. 901.15, F.S.A. Appellant also filed a motion to suppress the testimony at the trial identifying him as the perpetrator of the three offenses on the ground that such identification had resulted from his illegal detention and arrest. The court denied all four motions, and appellant assigns such denials as error.
*826 On August 6, 1965, Officer Ritter of the St. Petersburg Police Department received a call on his radio that two tall and thin colored males had robbed a liquor store some twenty-five blocks from where he was then patrolling. He had no information concerning any automobile in which the robbers might have been riding. After proceeding a short distance, he observed an automobile containing two colored males, one of whom was appellant, and stopped it, detaining appellant and the other occupant. During this detention Officer Caswell arrived with the further information that one of the robbers had been wearing a white hat. Officer Caswell observed through the car window a white hat on the front floorboard. Officer Ritter, also looking through the car window, noticed the butt of an automatic and rolls of coins. He then drew his revolver, and the officers handcuffed the two men and searched the car.
The court ruled that the arrest took place when Officer Ritter drew his revolver and handcuffed appellant. Appellant concedes that if the court was correct in its ruling the arrest was made with probable cause. Appellant argues, however, that the arrest actually took place when Officer Ritter stopped the car, at a time when there was no probable cause. We disagree.
An arrest involves the following elements: 1) the intention to effect an arrest under a real or pretended authority, 2) an actual or constructive detention of the person to be arrested by a person having present power to control the person arrested, 3) a communication by the arresting officer to the person being arrested of his intention then and there to effect an arrest, and 4) an understanding by the person being arrested that it is the officer's intention then and there to arrest and detain him. City of Miami v. Nelson, Fla. App. 1966, 186 So.2d 535, 537 n. 1; Romanello v. State, Fla.App. 1964, 160 So.2d 529, 531; Range v. State, Fla.App. 1963, 156 So.2d 534, 536; Melton v. State, Fla. 1954, 75 So.2d 291, 294. The court below was correct in finding that these elements were not all present until the time Officer Ritter drew his revolver and handcuffed appellant.
Finding that the trial court did not err in denying appellant's motions to suppress, we affirm the judgment appealed from.
Affirmed.
PIERCE, J., and KELLY, CLIFTON M., Associate Judge, concur.