SWANN, Judge.
Appeal from an order denying a motion to vacate judgment and sentence pursuant to Rule 1.850, “CrPR”, 33 F.S.A. after a full evidentiary hearing.
Appellant, Ghelfi, challenges the legality of his arrest and the validity of the subsequent search and seizure of certain evidence. He urges that his constitutional rights were violated by the allegedly illegal arrest and search and seizure.
In a case involving the same issues generally, this court determined on essentially the same set of facts that the arrest of a co-defendant, Bretti, was based on probable cause and that the search therein was made with -consent. Bretti v. State, Fla.App.1966, 192 So.2d 6.
Ghelfi testified that he never gave consent for a search. The testimony of one of the officers was that consent was given. The conflict in testimony was resolved by the trial judge in favor of the officer. See Slater v. State, Fla.1956, 90 So.2d 453; Johnson v. State, 157 Fla. 685, 27 So.2d 276 (1946); and Myrick v. State, Fla.App.1965, 177 So.2d 845.
The fact that a person is in custody or under arrest “does not in and of itself deprive his consent of the free and voluntary quality which is essential.” Rinehart v. State, Fla.App.1959, 114 So.2d 487, cert. dismissed, Fla.1960, 121 So.2d 654, cert. denied 365 U.S. 849, 81 S.Ct. 812, 5 L.Ed.2d 813 (1961); accord, United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); and Bretti v. State, supra.
We uphold the finding of the trial judge that there was probable cause to make the arrest and that there was consent given for the subsequent search. Cf. Bretti, supra.
Ghelfi also argues that the state failed to comply with the requirements of § 901.-23, Fla.Stat., F.S.A.
We find no assignment of error directed to the point that the state violated the statutory requirements of § 901.-23, Fla.Stat., F.S.A., and find no allegation in the Rule 1.850 motion that the state violated any rights or duties under that statute. Cf. Palmieri v. State, Fla.1967, 198 So.2d 633, cert. dismissed, 89 *595 S.Ct. 440, 393 U.S. 218, 21 L.Ed.2d 389 (1968).
For these reasons the order denying defendant’s Rule 1.850 motion be and the same is hereby
Affirmed.