RAWLS, Chief Judge.
As a result of plea bargaining, appellant, who was charged with the offense of breaking and entering with intent to commit a felony, entered a plea of nolo con-tendere to the lesser offense of breaking *776 and entering with intent to commit a misdemeanor. The trial court in accepting appellant’s plea permitted him to preserve on appeal the right to question the legality of the evidence procured by a search and seizure.
The chief of police of Lynn Haven, Florida, received information concerning a breaking and entering of a pawn shop and that appellant was suspected of being involved. Investigation disclosed that appellant lived at a motel and a deputy sheriff was posted to watch appellant’s room. Meantime, the chief of police called a friend of appellant’s and asked him to bring him to his office; and very shortly thereafter appellant arrived with his friend. A deputy sheriff, who was present, advised appellant of his constitutional rights and asked permission to search his room. The chief of police testified at this point that appellant volunteered the statement, “I don’t have anything to hide.” Immediately thereafter the deputy sheriff advised appellant, “I’m glad you went along. If you hadn’t I’d put a man on your heel; I’d put a guard on your door of the motel and I’d of went [sic] to the courthouse and got a search warrant.” Appellant’s friend contradicted the foregoing testimony stating that the deputy sheriff advised appellant that if he did not give permission to search his room that he would “Put a tail on his heel and a guard on that room; and he wasn’t going anywhere.” Although the record is not clear as to the time of the foregoing events, apparently they transpired around 10:00 a. m., because defense counsel stated at one point, “I would like the judge to know that permission to search time is eleven a. m.
Appellant strongly urges that the state did not establish by clear and convincing evidence that he waived his constitutional right to demand a search warrant. The excellent brief submitted to this Court by appellant fully reviews rules of law applicable to consent searches. The first such rule cited,[1] viz:
“A determination as to the voluntariness of a consent is a question be made from the totality of all the circumstances and is a question of fact which should be made by the trial court, and where there is conflict in testimony, such' conflict must be resolved by the trial court.”
The totality of the circumstances in the instant case reflect: 1) that appellant was a prime suspect; 2) the investigation and interrogation of appellant was during business hours of the morning;, and 3) testimony of two witnesses confirmed appellant’s consent to the search. The trial court resolved the conflict in testimony against the appellant, thus such determination must be accorded a strong presumption of correctness. Appellant emphasizes that his liberty was restrained to such an extent that he was in custody; yet he argues that the threat of placing a guard on the door of his motel room until a search warrant could be obtained constituted state coercion.
The overriding theme in all search and seizure cases is the question of reasonableness. What reasonable course should the law enforcement officers follow when confronted with these circumstances ? Should they have advised appellant that he could go his way while they pursued a search warrant? Such action would have provided appellant with ample time to have disposed of the stolen goods stored in his room while the officers attended a magistrate. We conclude that the “threat” of a “tail” and “a guard on the door” after the consent was procured did not constitute such coercive tactics as to render the consent void as a matter of law.
We are not unmindful of the cases cited by appellant for the principles of law that a consent for a warrantless search *777 must be freely and voluntarily given,[2] and that the burden is on the state to establish the legality of the search.[3] It is our conclusion that the totality of the circumstances surrounding the instant facts require an affirmance of the trial court’s finding that the appellant’s consent was freely and voluntarily given.
The judgment appealed is affirmed.
SPECTOR and JOHNSON, JJ., concur.

. State v. Hysell, 281 So.2d 417 (2 Fla.App.1973); and Ghelfi v. State, 229 So.2d 593 (3 Fla.App.1969).

. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) ; and Schneckloth v. Bustamonte, 412 U.S. 218, 36 L.Ed.2d 854, 93 S.Ct. 2041 (1973).

. Bicking v. State, 293 So.2d 385, 386 (1 Fla.App.1974).