[Crim. No. 6532.   Second Dist., Div. Two.   Apr. 9, 1959.]

THE PEOPLE, Respondent, v. RICHARD ISIDORE ALCALA, Appellant.

469

David Keene Leavitt for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 11500, Health and Safety Code (possession of marijuana). He has appealed from the judgment (order granting probation). He has also attempted to appeal from the order denying his motion to set aside the information.

On April 30, 1958, Deputies Kalas and Rodriguez, of the Narcotic Detail of the sheriff's office, received information by telephone that defendant had marijuana in his apartment, giving his name and address. Officer Brown, of the Los Angeles Police Department, received like information from the same person that evening. Although the officers had had no previous experience in testing the reliability of this informant's information, they met about 8:30 p. m. near defendant's residence. Defendant arrived home about 1 a. m. Soon after he entered his apartment the officers knocked on the door. A voice from within inquired who was there. Officer Kalas replied, "Police officers." Defendant opened the door

and stood in the light. He asked what they wanted. Officer Kalas identified himself and the officers exhibited their badges. Defendant looked at the officers and again inquired what they wanted. While defendant was talking to Kalas, Officer Rodriguez, who was one of the arresting officers, noticed that defendant's "speech was rather rapid, loud, and slightly incoherent"; that "his eyes were extremely dilated"; that he "did not seem to look at any one person for any particular amount of time . . . glancing from one to the other in a very nervous manner. . . ." Rodriguez smelled defendant's breath while Officer Kalas was talking to him but did not detect any odor of alcohol. He was within a foot or two of defendant when he made these observations. It was Officer Rodriguez' opinion that defendant was under the influence of narcotics. This opinion was based on the experience of having observed more than 100 persons under such influence. Defendant was then placed under arrest, the officers entering and searching the apartment. They found a plastic bag containing a leafy material that proved to be marijuana. While in the apartment, defendant pointed to the bag and stated to the manager of the apartment house: "That is marijuana." During the booking procedure, defendant stated to the deputies that he had obtained the marijuana from a Mexican in downtown Los Angeles and that he had paid $5.00 for it. He said he smoked marijuana in order to relax.

On cross-examination the defense sought disclosure of the informant's identity. Objection was sustained. This ruling was not followed by any motion to strike the officers' testimony. Defendant also objected to receipt in evidence of the marijuana on the ground that it was obtained as a result of an unlawful search and seizure.

The officers did not have a search warrant or a warrant for defendant's arrest.

The defendant did not testify.

In seeking a reversal, defendant contends that (1) there was no probable cause for his arrest and the subsequent search of his apartment and the seizure of the marijuana found therein; (2) the court erred in not requiring the disclosure of the informant's identity; (3) the court erred in permitting Deputy Rodriguez to testify that defendant was under the influence of narcotics, and (4) the court unduly restricted the cross-examination of Rodriguez.

Penal Code, section 836, provides in part:

"A peace officer . . . may without a warrant, arrest a person;

"1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

Health and Safety Code, section 11721, makes it a misdemeanor for any person to be under the influence of narcotics. Defendant's speech, appearance and behavior warranted a good faith belief on the part of the officers that defendant was then under the influence of narcotics in violation of section 11721, a misdemeanor. Thus he was committing a public offense in their presence, which would justify an arrest without a warrant.

This court held in *People* v. *Coleman,* 134 Cal.App.2d 594, 599 [286 P.2d 582], "that a search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith; and that a seizure, during such a search, of evidence related to the crime is permissible." (*In re Dixon,* 41 Cal.2d 756, 761-762 [264 P.2d 513]; *Harris* v. *United States,* 331 U.S. 145, 151 [67 S.Ct. 1098, 91 L.Ed. 1399]; *United States* v. *Rabinowitz,* 339 U.S. 56, 61 [70 S.Ct. 430, 94 L.Ed. 653].)

In the instant case, as previously noted, the arrest was lawful and the search was made as an incident thereto. There is nothing to suggest the search was not made in good faith or that it was unreasonable either in scope or manner of execution. It therefore follows that the marijuana seized during the search was properly admitted in evidence.

Defendant's contention that the informer's identity should have been disclosed under *Priestly* v. *Superior Court,* 50 Cal. 2d 812 [330 P.2d 39], is not well taken.

It is not necessary to reveal the identity of an informer who merely points the finger of suspicion at a defendant and an arrest thereafter follows which is based solely upon observations made by law enforcement officers which reasonably led them to believe a public offense was being committed in their presence. (*Scher* v. *United States,* 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151]; *People* v. *Williams,* 51 Cal.2d 355, 359 [333 P.2d 19]; *People* v. *Amado,* 167 Cal. App.2d 345, 347, 348 [334 P.2d 254]; *People* v. *Smith,* 166 Cal.App.2d 302, 306 [333 P.2d 208].)

Defendant's argument that the informant's identity should have been revealed under the ruling in *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33], is not valid since the informer was neither a participant nor a material witness to the offense for which defendant was prosecuted, nor does it

appear that he would have been able to give any testimony which would be relevant or helpful to the defense of the accused or essential to a fair determination of the cause. (*People* v. *Amado, supra.*) In this connection it should be noted that defendant admitted knowledge and possession of the marijuana which the officers found in his apartment.

In arguing that Officer Rodriguez' testimony that defendant was under the influence of narcotics at the time of his arrest should not have been admitted on the theory that he was not an expert misconceives the purpose for which this testimony was offered. Defendant was not prosecuted for being under the influence of narcotics. The testimony of Rodriguez was not offered to establish defendant's guilt of that offense but only as a basis for establishing probable cause for defendant's arrest and the subsequent search of his apartment. In light of Rodriguez' experience he was clearly qualified and competent to express an opinion for this purpose. The evidence to which we have referred supports the reasonableness of his opinion.

Defendant's contention that his right of cross-examination of the officers with respect to the informant was unduly restricted is without merit. In effect, he is simply recasting his argument that the informant's identity should have been revealed. As previously pointed out, this was not necessary.

Since an order denying a motion to set aside an information is not appealable (see Pen. Code, § 1237), the purported appeal therefrom is dismissed.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.