[Crim. No. 9508.    Second Dist., Div. Two.    June 29, 1964.]

THE PEOPLE, Plaintiff and Respondent,. v. RINALDO
MARTINES, Defendant and Appellant.

Erling J. Hovden, Public Defender, Leon M. Salter and
James L. McCormick, Deputy Public Defenders, for Defend-
ant and Appellant.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and George J. Roth, Deputy Attor-
ney General, for Plaintiff and Respondent.

ROTH, J.—Appellant was convicted of violating Health
and Safety Code, section 11530, possession of marijuana. No
question of the sufficiency of the evidence is raised; appel-
lant's sole ground for reversal is the inadmissibility of the
contraband because of an illegal search and seizure.

On July 21, 1963, at 1:15 a.m., Officers Germann and Rosenbrock, while patrolling a high-frequency burglary area, noticed appellant and two companions walking through an unlighted alley at the rear of a closed business area. The officers stopped and asked appellant for some identification. He stated that he had none. Officer Germann testified that he then made a cursory search, "due to the darkness in the alley and for my own safety, ..." This was a search merely of the outside of appellant's clothing.

"As I ran my hands over his left pants pocket, left front pants pocket, I felt a hard object and an object below that, which felt like it was a knife. At that time I went into defendant Martinez's [sic] pocket. ..."

The officer continued: "As I reached into the defendant [appellant] Martinez's [sic] pocket, front pants pocket, in an effort to remove the knife I first removed what felt like a wad of paper. I removed this in order to reach the knife. Upon examining this paper wad, I found it to be nine hand-wrapped cigarettes. At that time I removed the knife from the defendant Martinez's [sic] pocket and made further examination of these cigarettes.

"I unrolled one end of one and found inside a green leavy [sic] substance that appeared to be marijuana. I questioned the defendant [appellant] Martinez [sic] as to his reason for being in the alley, and he stated he was going to the Coral Room bar, which is located west of the location where the vehicle was parked."

On cross, the officer, among other things, testified that he felt two hard objects and one felt like a knife. The object was about 3 inches long. He could feel no blade. The officer admitted appellant made no threatening moves and there was no testimony that the appellant made any offensive or aggressive statements. When asked directly whether he could determine from feeling the hard object that felt like a knife whether it was a "... pocket knife that one could legally possess?" the officer responded "No, I could not determine that at that time, no."

The knife in question was not introduced into evidence by respondent. On cross-examination of the same officer he was asked to feel an object sealed in an envelope which he did, and he then testified as follows:

"Q. As you feel this object now, does it feel like a knife?

"A. I can't tell for sure. I feel that it is a good possibility it is a knife.

"Q. You can't tell for sure?

"A. I can't tell for sure that it is a knife, at this time."

The object was subsequently identified as "Received from property ... in Sheriff's custody for Rinaldo Martinez [sic] one combination metal nail file-bottle opener. ..." The object was introduced into evidence as defendant's "A." It was established that defendant's "A" was the actual object found in defendant's pocket, and that when it was closed, it was ½ inch wide, ½ inch thick, and just slightly over 2-¼ inches long. When open it contained a small blade, a nail file and a bottle opener.

Neither of the officers saw appellant commit a misdemeanor or a felony, nor did either have information concerning a misdemeanor or a felony committed at or about that time or at or about that place, and they had no information concerning appellant or the two persons with him before they stopped all three. It was also established that they were not investigating any specific burglary or the report of any burglary, nor was there any evidence that they were investigating any specific crime.

Appellant did not testify in his own defense and relies upon the fact that the evidence introduced against him was obtained as the result of an illegal search and seizure. We agree.

A policeman's right to stop persons out of doors at night and to make a cursory search for weapons, if the circumstances warrant it, is well established. (*People* v. *Hilliard*, 221 Cal.App.2d 719, 723 [34 Cal.Rptr. 809] ; *People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].) If, in the course of this search contraband is uncovered, it is admissible evidence. (*People* v. *Martin*, 46 Cal.2d 106, 108 [293 P.2d 52] ; *People* v. *Simon*, 45 Cal.2d 645 [290 P.2d 531] ; *People* v. *Reeves*, 61 Cal.2d 268 [38 Cal.Rptr. 1, 391 P.2d 393].)

Conceding that the officers had a right to stop appellant and make a cursory search (*Hilliard, supra*), there is nothing in the evidence which has been detailed in full which warranted the police officer who ran his hands over appellant's left pants pocket and felt an object that felt like a knife, in making a further search. There is no evidence of any kind from which it can be deduced that there was any reason for either of the officers to fear for the safety of their persons. Officer Germann's testimony that "due to the darkness in the alley and for my own safety ..." led him to

make the cursory search, is evidence of his own state of mind. In the circumstances a cursory search was warranted. Nothing was revealed by the cursory search which warranted the officer in emptying appellant's pocket as he did. As stated by the court in *People* v. *Simon,* 45 Cal.2d at page 650:

"Even if it were conceded that in some circumstances an officer making such an inquiry might be justified in running his hands over a person's clothing to protect himself from an attack with a hidden weapon, certainly a search so intensive as that made here could not be so justified. . . ."

In the case at bar it seems that the cursory search made should have reassured the officer rather than have alarmed him.

In *Reeves, Mickelson* and *Simon (supra)* searches were made on facts and under circumstances more suspicious, and in each of said cases the searches were held to have been illegally made.

The judgment is reversed.

Fox, P. J., and Herndon, J., concurred.