[Crim. No. 9168.   Second Dist., Div. Four.   Aug. 20, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD GEORGE WRIGHT, Defendant and Appellant.

Jess Whitehill, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Calvin W. Torrance, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—This is an appeal from a judgment entered against defendant upon his conviction of possession of marijuana (Health and Safety Code § 11530).

■ We reverse the judgment because, in our view, it rests upon an illegal search and seizure.

The case was submitted to the trial court upon the testimony of the arresting officer as contained in the transcript of the preliminary hearing. No additional evidence was offered except a stipulation that defendant was deemed to have been called and to have testified that he did not consent to the search.

It was further stipulated that the trial court would decide the question of the legality of the search on the basis that no consent to it was given by defendant. We have no choice but to decide the matter on the same basis.

On the issue of probable cause, Police Officer John Givens testified that, at approximately 11:30 p.m. on January 20, 1963, he observed defendant standing with another man on the northeast corner of the intersection of Highland and Sunset Boulevard. They appeared to be hitchhiking. The officer, who at the time was driving in a police vehicle with a fellow officer, pulled over to talk with them. After his partner made a cursory search for weapons and found none, Givens noted that the pupils of defendant's eyes were "very dilated."

The officer testified as follows: "I observed the defendant's eyes, the pupils of his eyes to be very dilated. This was

brought to my attention primarily because he was standing in a well-lighted area on the street there.

"At this time I compared the pupils of my partner's eyes with the use of a flashlight and found my partner's eyes to be considerably smaller than the defendant's.

"During the entire conversation with the defendant I noticed no evidence of alcohol on his breath."

After making his observation of the condition of defendant's eyes, Officer Givens asked defendant if he had anything on his person that he should not have, and defendant answered negatively. Although Givens further testified that he then asked if defendant minded if he searched defendant's pockets and that defendant replied "No, go right ahead," the latter evidence, according to the stipulation referred to above, was not considered by the trial court in reaching its decision. The case was decided on the assumption that no consent was given.

The officer then searched defendant and found eight "yellow brownish" paper wrapped cigarettes (People's Exhibit 1) in defendant's pockets. (It was stipulated that a forensic chemist found the cigarettes to contain marijuana.)

On cross-examination Officer Givens stated that he did not arrest defendant for the offense of hitchhiking. Defense counsel then asked the officer if he had any special training in the field of narcotics. An objection by the prosecution to this line of questioning on the ground that "the officer has testified as a layman, not as an expert," was sustained by the court.

The prosecution had the burden of showing proper justification for the warrantless arrest and search. (*People* v. *Haven*, 59 Cal.2d 713, 717 [31 Cal.Rptr. 47, 381 P.2d 927].) In the instant case the prosecution sought to show that the arresting officer had probable cause to arrest defendant because he was then under the influence of narcotics; that the search of his person was reasonable as an incident to this arrest.

To establish reasonable or probable cause for the arrest it was necessary to show that a man of ordinary care and prudence, knowing what this officer knew, would be led to believe or entertain a strong suspicion of the guilt of the accused. (*People* v. *Steffano*, 177 Cal.App.2d 414, 417 [2 Cal. Rptr. 176].) Whether such cause was present must be judged only by the facts and circumstances presented to the officer at the time he was required to act. (*People* v. *Hollins*,

173 Cal.App.2d 88, 92 [343 P.2d 174].) ▮ No citation of authority is necessary for the proposition that the search cannot be justified by what it revealed.

▮ The evidence that the officer observed defendant's eyes to be considerably more dilated than those of his partner officer and that there was no smell of alcohol on defendant's breath, without more, was not sufficient to support a reasonable belief that defendant was under the influence of narcotics. Patently lacking here is any showing that the officer was specially trained or had experience in detecting narcotics offenders. The endeavor by defense counsel to test the officer's qualifications in this area was halted by the prosecution when it stated that the officer "testified as a layman, not as an expert."

The Attorney General cites two cases, *People* v. *Newberry*, 204 Cal.App.2d 4, 6 [22 Cal.Rptr. 23], and *People* v. *Alcala*, 169 Cal.App.2d 468, 470 [337 P.2d 558], which held similar observations to be *factors* in establishing probable cause to believe that a suspect is either under the influence of a narcotic, or is in possession of a narcotic. But, neither of these cases nor any other case which we have found, has stated that an arrest or search may be justified *solely* on the basis of observations such as were here present.

Defendant made a number of statements to the police after his arrest. However, because we hold that the conviction was based on evidence secured by an illegal search and seizure, thus necessitating the reversal of the judgment, we need not decide the question of the possible application of the rule of *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

The judgment of conviction is reversed.

Files, P. J., and Kingsley, J., concurred.