[Crim. No. 13748. Second Dist., Div. Five. Feb. 1, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. CAROL ANN COLEMAN, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Woodruff J. Deem, District Attorney, Ronald H. Gill, Chief Appeals Deputy, and Richard W. Hanawalt, Deputy District Attorney, for Plaintiff and Appellant.

Richard Erwin, Public Defender, and Kenneth Cleaver, Deputy Public Defender, for Defendant and Respondent.

STEPHENS, J.—Defendant was charged by information with violation of Health and Safety Code, section 11530 (possession of marijuana) after a preliminary hearing. Her motion pursuant to section 995 of the Penal Code to set aside the information was granted on the ground that the marijuana had been illegally seized. The appeal is from this ruling.

The facts surrounding the arrest are as follows. At 2:30 a.m. on January 14, 1967, two highway patrolmen while on duty observed a Buick automobile on a freeway in Ventura County. The automobile was moving at approximately 25 to 30 miles per hour in a highway zone of 65 miles per hour. The car appeared to be moving erratically, weaving and crossing over the lane markers. The officers followed the vehicle for

from one-quarter to one-half a mile, and then Officer Rhodes flashed his red light on the rear of the vehicle. When the occupants of the vehicle did not respond, the white light was turned on the car. Shortly thereafter, the car pulled over. Officer Rhodes noticed physical activity within the car during the time of the car's slowing to a stop; the passengers were seen to bend forward from their previous positions in their seats. Ultimately, the Buick came to a stop. The occupants were two males in the front seat, and the defendant, a young female, in the rear. An open beer can containing a liquid that smelled like beer was found at the feet of the defendant, and another opened can of beer was found on the floorboard in front of the front seat of the car. These were taken into custody. All of the occupants were asked to step from the vehicle. Both officers examined the eyes of the defendant, and found them to be dilated to an extreme degree. The driver was given a sobriety test, which he passed. During a time when the defendant was with Officer Rhodes near the rear door of the Buick, the driver of that car spoke to Officer Reid. At this time Officer Reid and the driver were behind the Buick. The driver said, ''She's got weed. Check her pockets.'' Reid motioned for Rhodes to return to the area behind the Buick, which he did, in the company of defendant. Reid did not tell Rhodes what the driver had said, nor did Rhodes tell Reid about the furtive movements in the car. Officer Reid asked defendant to empty her pockets; she took some of the items out of her pockets, but a bulge still remained. The officer then requested that she take out the rest of the items, but she stated that all the items had been removed. At that point the officer reached into her pocket and took out a lozenge-container which contained marijuana. The males were cited for having the opened containers containing alcohol in the car, in violation of the Vehicle Code, and the defendant was placed under arrest for possession of marijuana.

Defendant contended on review of the evidence in the superior court under section 995 of the Penal Code, after the preliminary hearing, that there was a lack of probable cause for the arrest. The superior court finding was based on a review of the evidence independent of the statement by the driver that the defendant possessed marijuana, as the district attorney had argued that there was enough probable cause without the statement. On appeal, the district attorney presents a number of theories which would sustain the search without the evidence as to the statement, along with an

analysis of the import of the statement. We feel that the only analysis which accords with the realities of the situation before us is one that takes into account this statement. Up until the point the statement was made, it is unlikely that the search would have occurred. After the statement, it would have been unreasonable for the officers to ignore it and not to investigate further, given the pattern of circumstances that surrounded the encounter. ■ The entire purpose for allowing police officers to investigate a pattern of suspicious circumstances is to give them an opportunity to protect the public, and to do so with a minimal interference with the individual's right of privacy. When a further investigation reveals that illegal activity is probably involved, the police could then make an arrest. (*People* v. *Michelson*, 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].)

The Public defender concedes, correctly, that the driving pattern of the vehicle was such as to warrant the stopping of the car. While the investigation proceeded, the driver accused the defendant of possessing contraband.

It is to the knowledge had by Officer Reid at the time of the search to which we must look to ascertain reasonable cause therefor. ■ Officer Reid had knowledge of the erratic driving of the vehicle. He knew there had been two passengers in the vehicle as well as the driver, and that the defendant was one of those passengers. He knew that the defendant, as sole passenger in the rear seat of the car, had an open can of beer in her possession. He knew the eyes of defendant were dilated to an extreme degree.[1] He knew that the driver had accused defendant of possession of contraband.[2] He knew of the bulging condition of defendant's pocket prior to his directive for it to be emptied, but it could not have been of any significance before the demand. The defendant contends that, conceding Officer Reid had all of the facts in his knowl-

---

[1]There is no evidence that the officer knew the cause of the dilated eyes, or that he even knew that the use of marijuana would produce such an effect. (*People* v. *Wright*, 236 Cal.App.2d 735 [46 Cal.Rptr. 360].)

[2]The evidence does not disclose that Officer Reid observed the furtive movement testified to by Officer Rhodes, and since Reid apparently was the driver of the police car, it is reasonable to assume that his attention on other duties as a driver made it unlikely that he had observed such movement. In the absence of evidence that he had so observed, we do not attribute that fact to his knowledge. Had the total knowledge of both officers been possessed by Officer Reid at the time of search, probable cause would have existed. (Cf. *People* v. *Zabala*, 217 Cal.App.2d 550 [31 Cal.Rptr. 712].) The police cannot pool their information after an arrest made on insufficient cause.

edge as we have stated them, without the accusatory statement, there is no reason to conclude that the officers would treat the defendant differently than the other two occupants of the car. The officers cited each of the others for having an opened container of alcohol in the car, "in violation of the Vehicle Code," and did not take them into custody.

The driver's background and motivation were unknown, hence his statement necessitated corroboration before it could provide probable cause for the arrest. The search was without a warrant, so under the circumstances, the officers needed probable cause to arrest the defendant at the time the search was made in order for it to be incidental to the arrest that ultimately was made. It is academic that the search and arrest could not be validated by what the search turned up, but if probable cause for the arrest existed at the time of the search, the search could precede the arrest. (44 Cal.Jur. 2d, Rev., Searches and Seizures, § 21, p. 50.) The accusation of an unreliable informer can provide probable cause for an arrest if it is corroborated by independent facts. (*People* v. *Cedeno*, 218 Cal.App.2d 213, 222 [32 Cal.Rptr. 246].)

The required corroboration must relate to essential fact. It must be some independent fact indicating that there was then being committed a violation of law, or that a felony had been committed. Facts which are unrelated to a criminal activity on the part of defendant are insufficient to provide that corroboration of an untested declarant which is required. (*People* v. *Reeves*, 61 Cal.2d 268, 274 [38 Cal.Rptr. 1, 391 P.2d 393].) Here, as in *People* v. *Gallegos*, 62 Cal.2d 176 [41 Cal.Rptr. 590, 397 P.2d 174], the informer was untested, and no fact other than the accusation caused Officer Reid to believe the defendant possessed contraband. While the statement of declarant may well have constituted an admission against penal interest,[3] the admissibility test for an exception to the hearsay evidence rule has not been extended to provide the corroborative fact required.[4] The reason is clear, for while the admission against penal interest may lend trustworthiness to the statement as it relates to the declarant, it does not "corroborate" by additional fact independent of the statement itself. (*Willson* v. *Superior Court*, 46 Cal.2d 291

---

[3]Health & Saf. Code, § 11531 (transportation of contraband).

[4]See dissent in *People* v. *Gallegos, supra*, page 184.

[294 P.2d 36]; *People* v. *Amos,* 181 Cal.App.2d 506 [5 Cal. Rptr. 451].) (Cf. *People* v. *Lewis,* 240 Cal.App.2d 546 [49 Cal.Rptr. 579], *People* v. *Cove,* 228 Cal.App.2d 466 [39 Cal. Rptr. 535], and *People* v. *Kilvington,* 104 Cal. 86 [37 P. 799, 43 Am.St.Rep. 73], where other facts of the commission of a felony having been committed warranted reliance upon the informant's declaration.)

 Given the factual pattern known to Officer Reid, in the instant case it would have been reasonable for the officer to have made further investigation leading to corroborative fact which, when added to the informer's declaration, would warrant a search under the rule of probable cause. This, the officer did not do, and the search, being based solely upon suspicion, engendered by the uncorroborated statement of the declarant, is illegal.

The order granting defendant's motion to set aside the information is affirmed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.