[Crim. No. 12476. Second Dist., Div. Four. Mar. 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EUGENE DAVIS, Defendant and Appellant.

Alan E. Wellman, under appointment by the Court of Appeal, and Alfred V. Contarino for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lola M. McAlpin, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of Penal Code, section 459 (burglary); a prior burglary conviction was alleged against defendant. A plea of "not guilty" was entered.

Defendant's petition for writ of habeas corpus was denied. Jury trial was waived, and by stipulation of all counsel the case was submitted on the preliminary hearing, subject to an offer of additional evidence by either party. Defendant was found guilty of burglary in the second degree. A probation report was ordered. Defendant's motion for a new trial was denied. The prior conviction was found true, probation was denied and defendant was sentenced to state prison.

This is an appeal from the judgment and the order denying the motion for new trial.[1]

On January 7, 1966, at 12:30 a.m., Mrs. Dumas, an employee of the R & C Cafe, locked all the doors and windows of the cafe and gave no one permission to enter.

Numerous burglaries of juke boxes, shine stands and telephone booths had occurred in the area. At about 2:45 a.m., on January 7, 1966, Officers Waddy and McBride, who had been engaged in investigation of some such burglaries, observed defendant walking through the parking lot of a closed service station, between the office and the gas pumps. The gas station was located at 103d Street and Wilmington. Defendant was the only person on the street at that time.

The officers approached defendant in their black and white police unit. Officer Waddy got out and made a cursory search for weapons, felt a large object in defendant's coat pocket, which Officer Waddy thought might be a weapon. The officer removed the object which was, in fact, two objects—a pair of pliers and a screwdriver, the working end of which was

---

[1]The order is not appealable (Pen. Code, § 1237) and that portion of the appeal is dismissed.

broken and not contaminated by grease.[2] The officer also removed a pair of gloves from the same left jacket pocket. From defendant's shirt pocket the officer removed a white metal lady's watch, and from defendant's right trouser pocket the officer removed 70 pennies and 1 nickel. Seven packs of Salem cigarettes were found in defendant's right jacket pocket.

Defendant was advised of his constitutional rights. Defendant said that he found the objects on the sidewalk. At the time of the arrest the officers had no information that the R & C Cafe had been burglarized. Six hours later the officers heard that there was a burglary in the South Wilmington area on 107th Street. Upon investigation the officers found a tip to a screwdriver near a coin box next to a juke box in the R & C Cafe. The tip to the screwdriver was the same color as the upper part of the screwdriver in defendant's pocket. At the burglarized cafe the missing items included a white gold watch, 70 pennies. 7 packs of Salem cigarettes and 1 nickel.

Defendant's only contention on appeal is that the evidence was obtained by an unreasonable search and seizure.

 The original detention and cursory search of defendant for weapons was lawful.

" 'It is well established that a police officer in the discharge of his duties may detain and question a person when the circumstances are such as would indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of those duties.' . . . Most such occurrences involve persons outdoors at night at times and in areas where one would not reasonably expect to see them and whose behavior on the surface suggests some extraordinary activity." (*People* v. *Rogers* (1966) 241 Cal.App.2d 384, 387 [50 Cal.Rptr. 559].)

 Officers Waddy and McBride saw defendant walking alone through a closed service station parking lot at around 3 a.m. with no one else around, the officers knew that there had been numerous burglaries in the area and had been in the process of investigating some of them. The circumstances authorizing the police to make a temporary detention may be short of probable cause to make an arrest, and the circumstances before Officers Waddy and McBride were sufficiently

---

[2] At the preliminary hearing the officer testified that he felt an object which might be a weapon; that he removed that object and that it was a screwdriver, and then he then removed another hard object—a pair of pliers.

unusual or suspicious to justify this limited invasion of the defendant's privacy.[3] ▉ Officers investigating a suspect on the street or in an automobile may make a cursory search for concealed weapons (*People* v. *Simon* (1955) 45 Cal.2d 645, 650 [290 P.2d 531]; *People* v. *Alvarado* (1967) 250 Cal.App. 2d 584 [58 Cal.Rptr. 822]; *People* v. *Cove* (1964) 228 Cal. App.2d 466, 472 [39 Cal.Rptr. 535]), and the pat-down search of defendant was also proper.

▉ While defendant argues, correctly, that an arrest and search are not justified solely on the ground that defendant was seen at late and unusual hours (*People* v. *Harris* (1956) 146 Cal.App.2d 142 [304 P.2d 178]), that is not the case here. As we have pointed out, the officers were in the area investigating burglaries in which juke boxes had been pried open. The two objects found were the tools normally utilized in such burglaries. A broken tip of a screwdriver is a not infrequent consequence of such a use. These facts were sufficient to give the officers reasonable cause to arrest defendant upon suspicion of the burglaries then under investigation. The further search of his pockets to look for the fruits of those burglaries was a proper incident of such an arrest.

The case of *People* v. *Martines* (1964) 228 Cal.App.2d 245 [39 Cal.Rptr. 526], relied on by defendant, is distinguishable from the case at bench. In *Martines* the court held that the officers were justified in stopping defendant and his two companions and making a cursory search for weapons where the defendant was walking through an unlighted alley in a closed business district in a high burglary area. The court held, however, that when the officer removed, during the pat-down search, a small object that felt like a knife, and that object merely turned out to be a 2¼″ combination metal nail file, bottle opener and small blade, "Nothing was revealed by the cursory search which warranted the officer in emptying appellant's pockets as he did." In the *Martines* case the object revealed by the pat-down search was both innocuous and common, a gadget likely to be in any man's pocket. In the case at bench the pliers and screwdriver are not articles commonly carried, at night, in a jacket pocket and they are tools often used in the very kind of burglary that the officers were currently investigating. As we have said, this combination of

[3] See *People* v. *Cowman* (1963) 223 Cal.App.2d 109, 116-117 [35 Cal. Rptr. 528], and cases cited therein for examples of suspicious or unusual circumstances warranting temporary detention.

circumstances justified a belief that the defendant was the burglar the officers were seeking.

The judgment is affirmed; the appeal from the order is dismissed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1968. Peters, J., was of the opinion that the petition should be granted.