[Crim. No. 14944. Second Dist., Div. Five. Aug. 13, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. NICK JOSEPH VILLAFUERTE, Defendant and Appellant.

Richard L. Mikesell, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

REPPY, J.—Defendant was charged by information with a violation of section 11500, Health and Safety Code (possession of heroin). Defendant pleaded not guilty. Trial was by the court, a jury having been properly waived. Defendant sought to suppress evidence under section 1538.5, Penal Code. Each side introduced evidence, and the motion was denied. By stipulation the trial court considered the evidence given under the suppression motion on the issue of guilt or innocence of defendant. The court found defendant guilty. He was sentenced to state prison for the term prescribed by law. He appeals from the judgment.

The essential facts, viewed in the light most favorable to the prevailing party at trial (*People* v. *Frankfort*, 114 Cal. App.2d 680, 689 [251 P. 2d 401]) are as follows: On August 16, 1967, at approximately 5 p.m. Officer James Young, of the Monterey Park Police Department, observed a 1955 Chevrolet the muffler and tailpipe of which were hanging loosely one or two inches from the ground. Officer Young, who testified that he had section 27150 of the Vehicle Code in mind as a possible violation,[1] stopped the car to inspect the muffler. However, under cross-examination Officer Young indicated that he suspected that the muffler was not in a gastight condition.[2] The driver alighted from the car and came to speak to Officer Young. The driver said that he did not have an operator's license because it had been suspended. At this time defendant

---

[1] Section 27150 of the Vehicle Code reads as follows: "Every motor vehicle subject to registration shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise, and no muffler or exhaust system shall be equipped with a cutout, bypass, or similar device."

[2] Section 27154 of the Vehicle Code reads as follows: "The cab of any motor vehicle shall be reasonably tight against the penetration of gases and fumes from the engine or exhaust system. The exhaust system, including the manifold, muffler, and exhaust pipes shall be so constructed as to be capable of being maintained and shall be maintained in a reasonably gastight condition."

and a third passenger alighted and walked to where Officer Young and the driver were conversing. Defendant volunteered that he owned the car. Then Officer Young's focus of attention shifted from the driver to defendant, and he asked defendant to show his operator's license. The movement of defendant to reach for his wallet caused Officer Young to notice track marks and some fresh scabs on his inner elbow. Officer Young compared the size of defendant's pupils to that of the other two and found defendant's to be extremely pinpointed. Also, Officer Young noted that defendant's speech appeared to be slow and slightly slurred. Officer Young had been involved in the arrest of approximately 50 narcotic addicts, had received police training in the recognition of the objective symptoms displayed by a person under the influence of narcotics, and had seen marks on the arms of persons arrested for narcotic addiction similar to those he saw on defendant's arm. Officer Young formed the opinion that defendant was under the influence of heroin and placed him under arrest therefor. Officer Young then searched defendant's person and found a small rubber balloon containing heroin in one of his trouser pockets. Defendant was then charged with possession of heroin.

The defendant contends that the action of Officer Young in stopping the vehicle in which he was a passenger was illegal; that this illegality led directly to his subsequent arrest; that the evidence obtained in the search incident thereto was inadmissible. We cannot agree.

"Whether an officer has a right to stop a car and interrogate the occupant is an issue quite separate from whether he has a right to stop the car and to arrest the occupant and conduct a search. The strength of the information the officer requires to engage in questioning is necessarily much less than it would be to arrest and search." (*People* v. *King*, 175 Cal.App.2d 386, 390 [346 P. 2d 235]; *People* v. *Ellsworth*, 190 Cal.App.2d 844, 846-847 [12 Cal. Rptr. 433] and cases cited therein.) The existence of facts constituting probable cause to justify an arrest is not a condition precedent to such an investigation. (*People* v. *Mickelson*, 59 Cal. 2d 448, 450-452 [30 Cal. Rptr. 18, 380 P.2d 658]; *People* v. *Blodgett*, 46 Cal.2d 114, 117 [293 P.2d 57].)

The critical issue for determination in this case is whether or not under the above general rules Officer Young had *any* legal basis to stop the car in which defendant was a

passenger. It is clear that police officers may not capriciously stop motorists without some reasonable cause (*People* v. *Franklin*, 261 Cal.App.2d 703, 707 [68 Cal. Rptr. 231]; *People* v. *Hunt*, 250 Cal.App.2d 311, 314-315 [58 Cal. Rptr. 385].)

 The difficult question is what constitutes reasonable cause to validate a temporary detention. There is no exact formula for such a determination. "Reasonable cause has been generally defined to be such a state of mind as would lead a man of ordinary care and prudence to . . . conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]; see generally *People* v. *Manis*, 268 Cal.2d 653, 658-661 [74 Cal.Rptr. 423], and *People* v. *Henze*, 253 Cal.App.2d 986, 989-990 [61 Cal.Rptr. 545].) The relevant facts must have been known to the officer at the time that he stopped the motorist (*People* v. *Gallegos*, 62 Cal. 2d 176, 178-179 [41 Cal.Rptr. 590, 397 P.2d 174]; *People* v. *Hunt*, *supra*, at p. 315), and those facts must be sufficient to indicate to a reasonable man that some police action is necessary, i.e., an objective standard of reasonableness is employed. (*People* v. *Alcala*, 204 Cal.App.2d 15, 20 [22 Cal.Rptr. 31]; *People* v. *Porter*, 196 Cal.App.2d 684, 686 [16 Cal.Rptr. 886].)

There is a strong line of decisions which indicates that a police officer may stop a vehicle upon reasonable belief that the vehicle is not properly equipped as required by the Vehicle Code. (E.g., *People* v. *Nebbitt*, 183 Cal.App.2d 452, 457 [7 Cal.Rptr. 8] and *People* v. *Galceran*, 178 Cal. App.2d 312, 315 [2 Cal.Rptr. 901]—absence of front license plate on car; *People* v. *Sanson*, 156 Cal.App.2d 250, 253 [319 P.2d 422]— defective tail light.) This is clearly consistent with the general rule enunciated above in *People* v. *Ingle*, *supra*; i.e., such visible defects provide reasonable cause to believe that an offense (albeit a Vehicle Code violation) is being committed.

In the instant case there was no evidence that section 27150 of the Vehicle Code (see fn. 1, *supra*) was violated. An objective reading of that section reveals that it is solely directed at preventing the emission of excessive noise from automobile muffler systems. However, as suggested earlier, Officer Young, while stating that he had section 27150 "in mind" as a possible violation, actually was concerned with whether the muffler was in a properly gastight condition (§ 27154, Veh. Code, fn. 2, *supra*). Officer Young's mistaken allusion to section 27150 is not fatal if he had reasonable cause to believe

that section 27154 was violated (cf. *People* v. *Young,* 136 Cal.App. 699, 703 [29 P.2d 440].)

Defense counsel argues that the belief by Officer Young that there was a violation of section 27154 was a type of speculation the approval of which would sanction police officers stopping all vehicles on the pretense of searching for invisible escaping gas. Bearing in mind that the argument is grounded on the circumstances of this case, we do not agree. Officer Young observed a muffler system hanging extremely close to the ground. It was reasonable for the trier of fact to draw the inference that Officer Young had concluded that it was very likely that the dislodged muffler, at some time previously, had struck the ground, due to the car encountering a dip or an obtrusion in the road, actually or likely rendering it not gastight. This would be a "circumstance"[3] which, although not positively indicative of a statutory violation would provide reasonable cause for an officer to believe that such offense had occurred.

Alternatively, it could have been inferred justifiably by the trier of fact that the low-hanging muffler gave good reason for Officer Young to stop the vehicle in order to point out to the driver the "potential" of the dislodged muffler system striking a hard surface and thus being put in violation of section 27154 (cf. *People* v. *MCullough,* 222 Cal.App.2d 712, 714-715 [35 Cal.Rptr. 591] where the reviewing court held that the officer's action in stopping a vehicle to tell the driver that he would need a 4-wheel drive automobile to traverse a difficult area was a valid stop to help avert "potential danger").

We hold that Officer Young's observation of the loose and low-hanging muffler system and his thought that the car might not be in a gastight condition objectively provided a reasonable basis for the stopping of the vehicle. It was not a matter of mere intrusion. Traffic officers do not serve society just as apprehenders of motorists who commit moving violations. They also perform the valuable function of pointing out to drivers unsafe vehicular conditions in order to reduce traffic hazards (see §§ 2806 and 2814, Veh. Code; *People* v. *De La Torre,* 257 Cal.App.2d 162, 165 [64 Cal.Rptr. 804].)

---

[3] Cf. the following cases where no clear Vehicle Code violation was present but "circumstances" lead the officer reasonably to momentarily stop the vehicle: *People* v. *Gibson,* 220 Cal.App.2d 15, 20-21 [33 Cal.Rptr. 775]; *People* v. *Alcala, supra,* 204 Cal.App.2d 15, 17-18; *People* v. *Beverly,* 200 Cal.App.2d 119, 125 [19 Cal.Rptr. 67]; *People* v. *Anguiano,* 198 Cal.App.2d 426, 427-428 [18 Cal.Rptr. 132]; *People* v. *Davis,* 188 Cal. App.2d 718, 719-720 [10 Cal.Rptr. 610].

■ Accepting the circumstance that the vehicle was legally stopped, the arrest of defendant obviously was legal. Defendant voluntarily approached Officer Young. Considering defendant claimed to be the owner of the car, Officer Young properly made inquiry of his identity. At this point Officer Young, who had expert qualifications for recognizing symptoms of heroin usage, noted clear evidence of recent use of that narcotic. This provided adequate grounds for the arrest of defendant for being under the influence of heroin. (*People v. Alvarado*, 250 Cal.App.2d 584, 590-591 [58 Cal.Rptr. 822] ; *People v. Herrera*, 221 Cal.App.2d 8, 12 [34 Cal.Rptr. 305] ; *People v. Corrao*, 201 Cal.App.2d 848, 852-853 [20 Cal.Rptr. 492] ; *People v. Elliott*, 186 Cal.App.2d 185, 189 [8 Cal.Rptr. 716] ; *People v. Alcala*, 169 Cal.App.2d 468, 471 [337 P.2d 558].) The search of defendant's *person* incidental to his arrest (which turned up the heroin) has clear legal sanction. (*Chimel v. California*, 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034].)

The judgment is affirmed.

Stephens, Acting P. J., and Aiso, J., concurred.