235 So.2d 309 (1970)
STATE of Florida, Appellant,
v.
Armando Angel PADILLA, Alberto Louis Hernandez and Guido Jose Rivas, Appellees.
No. 69-891.
District Court of Appeal of Florida, Third District.
May 12, 1970.
Rehearing Denied June 10, 1970.
*310 Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., Richard E. Gerstein, State's Atty., and Alan M. Medof, Asst. State's Atty., for appellant.
Palermo & Connelly and Thomas B. Duff, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
The State of Florida appeals from a trial court order which granted the motion of the appellees (defendants) to suppress certain evidence.
The basic question involved is whether the arresting officer had probable cause to place these defendants under arrest.
The record reflects that on December 5, 1968, two police officers were sitting in an unmarked police car, at night, at a well lit intersection in Miami Beach, Florida.
A car stopped for a red light at this intersection and the occupants were observed by the officers from about 20 feet away, to be passing and smoking a lighted cigarette from the driver to the passenger in the front seat and from there to the passenger in the back seat in a continuous manner. The occupants held the small cigarette in an unusual manner. They made a right turn at the light and continued to pass around the cigarette. The officers observed this type of conduct for approximately six blocks and then stopped the car. One officer testified that the only thing done to stop this car was by turning the ordinary spot light on their car into the car in question and it pulled to the curb without anything else being said or done.
*311 The other officer testified that the spot light was flashed on the car and that a badge was flashed at the occupants and they were requested to pull the car over and that they complied. As the car stopped the defendant Hernandez, sitting on the front passenger seat, threw a white bag into the street beside the car. Officer Tootle walked directly to the bag on the street, picked it up, smelled it and identified the contents as bulk marijuana. Officer Tootle then walked to where Officer Izzo was standing with the defendants, showed them the contents of the bag, and told them that they were under arrest for possession of marijuana. Officer Izzo warned the defendants of their constitutional rights. Thereupon, Officer Tootle searched the car and seized therefrom three packages of cigarette papers, incense, marijuana seeds which were scattered throughout the car, and a second bag of bulk marijuana.
We do not believe that this record demonstrates that the officers had communicated their intention or purpose to make or effect an arrest or that the occupants understood that it was the intention of the officers to make an arrest at the time their automobile was originally stopped. Melton v. State, Fla. 1954, 75 So.2d 291. These parties were at that time not in custody of the officers but were merely detained. Cf. Giblin v. City of Coral Gables, Fla. 1963, 149 So.2d 561.
In People v. Davis, 260 Cal. App.2d 186, 67 Cal. Rptr. 54 (1968), the court said:
"It is well established that a police officer in the discharge of his duties may detain and question a person when the circumstances are such as would indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of his duties. * * * Most such occurrences involve persons outdoors at night at times and in areas where one would not reasonably expect to see them and whose behavior on the surface suggests some extraordinary activity." (citations omitted). At 55.
In Brown v. United States, 125 U.S.App. D.C. 43, 365 F.2d 976 (1966), the court said:
"* * * we do not say that mere detention would give rise to an arrest in all circumstances. The police may, of course, question a citizen even though such questioning may involve a momentary `detaining'." (citations omitted) At 979, n. 4.
And, finally, in Gilbert v. United States, 366 F.2d 923 (9th Cir.1966), the court said:
"Substantial considerations favor the recognition of a carefully limited right of brief police detention on less than probable cause to believe the person detained has committed a felony." At 928.
After the occupants of the car were detained one of them threw a plastic bag into the street. The officers examined the bag and found it to be bulk marijuana. They then placed the occupants of the car under arrest and searched the car in which they found some other items of evidentiary value.
The seizure of the bag of marijuana thrown into the street by one of the occupants of the car was proper. Mitchell v. State, Fla. 1952, 60 So.2d 726; Boim v. State, Fla.App. 1967, 194 So.2d 313. The arrest of the occupants was based on probable cause. The suspicions of the officers that the occupants of the car were using and had marijuana in their possession was confirmed by the identification of the contents of the plastic bag which the occupants threw away or abandoned when they were detained by these officers.
We therefore, find that this arrest was made upon probable cause and that the subsequent search of the car and seizure of relevant evidence therein was proper.
The argument of the state that these defendants had no standing to challenge the allegedly illegal seizure is without *312 merit. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); and Urquhart v. State, Fla.App. 1968, 211 So.2d 79.
The order appealed is reversed and the case remanded for further action consistent herewith.
Reversed and Remanded.